**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>GEORGE MCVICKER,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 4:22-cr-00176-MTS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

Defendant George McVicker ("Defendant") has filed a pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [107]. Because Defendant has failed to demonstrate that he is entitled to compassionate release, the Motion will be denied.

**I.    BACKGROUND**

On October 25, 2023, Defendant pleaded guilty to one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On March 1, 2024, the Court sentenced Defendant to 51 months of imprisonment.[1] On October 27, 2025, Defendant filed the Motion currently before the Court. The Government has not filed a response, and the time to do so has passed. The matter is now ripe for ruling.

**II.    LEGAL STANDARD AND DISCUSSION**

**a.    Exhaustion of Administrative Remedies**

First, the Court must determine if Defendant exhausted his administrative remedies. Under § 3582(c)(1)(A), exhaustion occurs at the earlier of: 1) after the defendant has fully exhausted all

---

[1] Defendant is now serving his sentence at Oxford FCI and has a projected release date of February 27, 2027. https://www.bop.gov/inmateloc/ (last visited March 30, 2026).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or 2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. "According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted administrative remedies." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). "This requirement is a mandatory claim-processing rule. *Id*. But "[u]nlike jurisdictional rules, mandatory claim-processing rules may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). As such, courts enforce the rule when the opposing party properly raises failure to exhaust as a defense. *Houck*, 2 F.4th at 1084; *Manrique*, 581 U.S. at 121.

Here, on April 30, 2025, the warden of the facility where Defendant is housed denied Defendant's request for a reduction in sentence. Doc. [107-2]. Defendant subsequently filed the Motion at hand in October of 2025. Therefore, the Court will proceed on the merits.

### b. Extraordinary and Compelling Circumstances

Under § 3582(c)(1)(A), compassionate relief may be granted if the court finds, after considering the applicable factors in 18 U.S.C. § 3553(a),[2] an extraordinary and compelling reason warranting such a reduction. U.S.S.G. § 1B1.13(a)(1)(A). Additionally, a defendant must demonstrate that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. §

---

[2] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

2

1B1.13(a)(2).[3] The defendant bears the burden to establish that compassionate relief is warranted. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Here, Defendant seeks compassionate release claiming he has extraordinary and compelling medical issues and is 65 years or older and experiencing a deterioration in his physical health because of the aging process. Doc. [107] at 4.

First, Defendant claims he is suffering from a serious medical condition. Under § 1B1.13(b)(1)(B)(i), an extraordinary and compelling reason exists if "defendant is suffering from a serious physical or medical condition, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* § 1B1.13(b)(1)(B)(i). Defendant states in his Motion that, in November of 2025, he may have developed a hernia during a bowel movement, and that medical staff told him he would need to have an ultrasound to determine if he did in fact have a hernia. Doc. [109] at 2. In the interim, he was given a hernia belt. *Id*. Defendant also recounts that he had a rectal tumor removed in 2019 and that he has issues with stomach pain, constipation, and diarrhea. *See* Doc. [109] at 3. At some point, he spoke to a doctor about his gastrointestinal concerns via a video call and the doctor recommended consulting with the facility dietitian to determine if he could be placed on a high fiber diet. Doc. [109] at 3. It appears from the 45 pages of medical records Defendant attached to his Motion that he has been receiving follow-up care after the removal of his rectal polyps in 2019. Defendant had a colonoscopy in April of 2023, wherein a few polyps were also removed. *See* Doc. [107-2] at 16-17. The doctor recommended Defendant have a follow up colonoscopy in five years. *Id*. Regardless, Defendant has not shown

---

[3] Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating 18 U.S.C. § 3142(g)).

3

how the conditions discussed in his Motion impact his ability to provide self-care, or why he is not expected to recover, as required by § 1B1.13(b)(1)(B)(i).

Next, Defendant checked a box on the Motion form he filled out, claiming "[he] is 65 years old or older and [he is] experiencing serious deterioration in physical or mental health because of the aging process." Doc. [107] at 4. Under § 1B1.13(b)(2), an extraordinary and compelling reason for compassionate release exists if defendant is (A) at least 65 years old; (B) is experiencing serious deterioration in his physical or mental health because of the aging process; and C) has served at least 10 years or 75 percent of his term of imprisonment (whichever is less). § 1B1.13(b)(2). Apart from checking the box, Defendant provided the Court with no further information, beyond the previously referenced 45 pages of medical records, and no additional explanation.

Thus, Defendant has failed to meet his burden to show extraordinary and compelling reasons warranting compassionate release, as he has provided the Court with only conclusory claims.

### 18 U.S.C. § 3553(a) Factors & Danger to the Community, U.S.S.G. § 1B1.13(a)(2)

Even if Defendant had demonstrated "extraordinary and compelling" reasons warranting compassionate release the Court would still deny his Motion because the 18 U.S.C. § 3553(a) factors do not weight in favor of a reduction in his sentence, and Defendant has failed to demonstrate that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

In fashioning Defendant's sentence, the Court weighed the § 3553(a) factors when it sentenced Defendant to 51 months of imprisonment. Defendant's conviction was based on a search of multiple electronic devices wherein Defendant possessed over 10,000 images and multiple

4

videos of child pornography. *See* Doc. [90] at 6. While on pretrial release, Defendant violated his release conditions when he traveled to a high school and had unsupervised contact with a minor female. Defendant advised that she was a friend's 16-year-old female daughter. Also, on an unannounced home visit, pretrial officers located a hard drive containing thousands of pornographic images and videos.

Defendant's sentence reflects the serious nature of the offense, and his early release would not be in the interest of the public. The § 3553(a) factors weigh against a sentence reduction, and Defendant has not shown that he is no longer a danger to the community.

## CONCLUSION

Defendant has failed to present any "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), the 18 U.S.C. § 3553(a) factors do not favor a reduction in Defendant's sentence, and he has failed to demonstrate that he is no longer a danger to the safety of any other person or to the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, Doc. [107], is **DENIED**.

Dated this 30th day of March, 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

5